UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

      Plaintiff,

-against-

FULLSTACK ACADEMY, INC., DAVID YANG, and GABRIEL LEBEC,

      Defendants.

**OPINION AND ORDER**

18 Civ. 08070 (ER)

Ramos, D.J.:

  John Doe brought the above-captioned action against Fullstack Academy, Inc., David Yang, and Gabriel Lebec ("Defendants") for breach of contract and for violations of the Americans with Disabilities Act ("ADA"), the New York State Human Right's Law ("NYSHRL"), and the New York City Human Right's Law ("NYCHRL"). He generally alleges that he attended Defendants' academy as a student, that Defendants discriminated against him because of his disabilities, and that Defendants breached a contract with him to provide certain educational and professional services. In the instant action, Doe moves to proceed anonymously. Doc. 6. For the reasons set forth below, the motion is DENIED.

  Rule 10 of the Federal Rules of Civil Procedure provides, "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "There are a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously." *Doe v. Greiner*, 662 F. Supp. 2d 355, 360 (S.D.N.Y. 2009) (internal quotation marks and citations omitted). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced

against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). In balancing these interests, the Court considers (1) whether the case involves "highly sensitive" and "personal" matters; (2) whether identification would cause the litigant or a third party physical or mental harm; (3) whether identification would cause an injury that the litigation seeks to prevent; (4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age"; (5) "whether the suit is challenging the actions of the government or that of private parties"; (6) whether and how keeping the plaintiff anonymous would prejudice the defendant; (7) whether the plaintiff's identity has remained confidential; (8) whether identifying the plaintiff furthers the public interest; (9) whether alternative mechanisms could protect the plaintiff's confidentiality. *Id.* at 189–90 (internal citations omitted). "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* n. 4.

Doe argues, primarily, that the first and second factors support his request to proceed anonymously because of his mental health disabilities.[1] Doe claims that the first factor weighs in his favor because Doe's mental health disabilities are "highly sensitive and personal," and "profound[ly] stigma[tized]" by society. Doc. 8, 6. Doe claims that the second factor also supports his request because revealing his mental health disabilities will make it easier for

---

[1] Doe also argues that the Court should allow him to proceed anonymously because of his hearing impairments. This argument does not strike the Court as especially compelling because Doe's two hearing aids are visible and therefore reveal his disabilities to the public, Doc. 1, ¶ 15, and because other courts have prohibited parties from proceeding anonymously when the movants seek to conceal publicly available information. *See Doe v. Fedcap Rehab. Servs., Inc.*, No. 17-CV-8220 (JPO), 2018 WL 2021588, at *3 (S.D.N.Y. Apr. 27, 2018) ("Plaintiff's very public coming out as genderqueer undermines their arguments about the harm that would be caused by disclosure of their trans-masculinity."); *Corley v. Vance*, No. 15 CIV. 1800 KPF, 2015 WL 4164377, at *9 (S.D.N.Y. June 22, 2015) (denying a motion to proceed anonymously because "Plaintiff's conviction is a matter of public record" and "figuratively speaking, the cat is already out of the bag.").

potential employers to discriminate against him, Doc. 8, 8, and will "likely exacerbate his mental health issues."  Doc. 8, 8.

However, the facts that he has shared about his mental health disabilities do not justify allowing this matter to proceed anonymously.  Indeed, he has only informed the Court that he "suffer[s] from mental health disabilities, including anxiety," that he takes prescription medication, that he has participated in therapy, and that he once "suffered a severe anxiety attack that required emergency medical attention."  Doc. 7, ¶¶ 12, 19.

The few facts alleged do not warrant Doe's use of a pseudonym.  Other courts, analyzing similar facts, have come to similar conclusions.  For example, in *Doe v. City of New York*, a court in this District found that a single instance of emergency medical attention for a mental health issue did not, on balance, justify allowing a litigant to proceed anonymously because the lawsuit "does not involve matters of great intimacy" and because "plaintiff's claim of threatened harm is speculative and exaggerated."  201 F.R.D. 100, 102 (S.D.N.Y. 2001).  Similarly, in *Mottola v. Denegre*, another court within this District denied a motion to proceed anonymously because "Plaintiff does not allege facts suggesting that this litigation is likely to present matters that are highly sensitive and of a personal nature such that disclosure of her identity could result in possible harms," despite the fact that the movant's "psychiatric history" "will be part of this case."  No. 12 CIV. 3465 (LAP), 2012 WL 12883775, at *2 (S.D.N.Y. June 8, 2012).  In the absence of facts portraying Doe's mental health disabilities as more severe than those at issue in *Doe v. City of New York* or *Mottola v. Denegre*, the Court finds the reasoning in these cases persuasive and denies Doe's motion to proceed anonymously.

In support of his motion, Doe cites *Doe v. New York University*, 442 F. Supp. 522 (S.D.N.Y. 1978) and *Next Phase Distribution, Inc. v. Does 1-138*, No. 11 CIV. 9706 KBF, 2012

WL 691830, at *1 (S.D.N.Y. Mar. 1, 2012).  The Court finds neither case persuasive.  The Court places little weight on *Doe v. New York University* because that case, which involved a student's claim of discrimination based on a mental health disability, does not include any analysis of the anonymity issue.

The Court regards *Next Phase Distribution, Inc. v. Does 1-138*, as similarly unhelpful because that case, a copyright infringement action brought against unnamed defendants for illegally downloading copyrighted pornography, concerned a specific jurisprudence of anonymity that courts rarely, if ever, extend beyond a common set of facts.  Indeed, "Judges in this District regularly permit defendants to proceed anonymously" when plaintiffs accuse them of illegally downloading pornographic videos, "because of 'the highly embarrassing and potentially sensitive and personal nature of such accusations,' the risk of misidentification where a defendant is only identified by an IP address, and the fact that 'the public's interest is not necessarily furthered by knowledge of the defendant's specific identity.'"  No. 15 CIV. 2624 ER, 2015 WL 6116620, at *5 (S.D.N.Y. Oct. 16, 2015) (citing *Next Phase Distribution, Inc. v. Does 1-138*, No. 11 CIV. 9706 KBF, 2012 WL 691830, at *1 (S.D.N.Y. Mar. 1, 2012), *Malibu Media, LLC v. John Doe*, No. 15 Civ. 1862(RJS), 2015 WL 4271825, at *3 (S.D.N.Y. July 14, 2015), and *Malibu Media, LLC v. John Does 1–5*, No. 12 Civ. 2950(JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012)).  Plaintiff has not identified a single case that has extended this case law beyond this familiar fact pattern.

Because identification "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly," *Sealed Plaintiff*, 537 F.3d at 188–89, the Court is reluctant to break new ground here.  This conclusion is particularly compelled in a case, like this case, that alleges ADA violations based on fairly common disabilities.  *See*

4

https://www.nimh.nih.gov/health/statistics/any-anxiety-disorder.shtml ("An estimated 31.1% of U.S. adults experience any anxiety disorder at some time in their lives."). If this case were allowed to proceed anonymously, the great majority of ADA plaintiffs would also be permitted to do so. For the foregoing reasons, Doe's motion to proceed anonymously is DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 6.

It is SO ORDERED.

Dated: October 5, 2018
      New York, New York

                                           Edgardo Ramos, U.S.D.J.