UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| AARON YOUNG, | |
|---|---|
| Plaintiff, | Case No. 18-CV-8070 (ER) |
| v. | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |
| FULLSTACK ACADEMY, LLC, et al., | |
| Defendants. | |

WHEREAS, the plaintiff has brought the above-captioned civil action, alleging that the defendants discriminated against him on the basis of his disabilities in violation of federal, state, and city nondiscrimination laws, as well as asserting related breach of contract and promissory estoppel claims;

WHEREAS, the parties are conducting discovery regarding the claims and defenses in this case, which discovery encompasses documents, information, and testimony containing private, personal, proprietary, and/or otherwise sensitive material that the parties agree should be handled in a secure and confidential manner;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their undersigned counsel, as follows:

1. <u>Application.</u> This confidentiality stipulation applies to and covers all discovery conducted by the parties in this case, including any and all documents (as broadly defined by Fed. R. Civ. P. 34), information, and testimony

1

obtained, produced, and/or exchanged by the parties in connection with this civil action ("discovery material");

2. <u>Usage.</u> The discovery material shall be obtained, maintained, and used by the parties and their counsel solely in connection with this civil action; the discovery material shall be copied only to the extent necessary to permit its use in accordance with this stipulation;

3. <u>Disclosure.</u> The discovery material shall be disclosed only to (i) the parties; (ii) their counsel, including employees of such counsel assigned to and necessary to assist in the litigation; (iii) consultants, experts, investigators, and insurance carriers assisting the plaintiff or defendant in this matter; (iv) any person from whom testimony is or will be taken in this matter, except that such a person may only be shown the discovery material during and in preparation for his/her testimony and may not retain the discovery material; and (v) the court, including employees of the court and the jury at trial;

4. <u>Third-Party Compliance.</u> Prior to disclosing any discovery material to any consultants, experts, investigators, and insurance carriers assisting the plaintiff or defendant in this matter and any person from whom testimony is or will be taken in this matter, counsel shall inform the person of the confidential nature of the discovery material and shall inform the person that the court has enjoined the use of the discovery material by him/her for any purpose other than this litigation and has enjoined the disclosure of the discovery material to any other person;

5. <u>Confidentiality Designations.</u> Counsel for any party may designate and mark any discovery material as "confidential" that contains private, personal, proprietary, and/or otherwise sensitive material that counsel determines in good faith should not be available to the public in court filings; unless otherwise ordered by the court, discovery material designated and marked "confidential" shall be filed with the court in accordance with the provisions of Paragraph 6 herein; in the event that one party objects to another party's confidential designation, which objection must be raised within 10 days of receiving the discovery material containing the confidential designation, counsel shall confer in good faith to resolve the dispute and otherwise shall follow Local Civil Rule 37.2 and the individual practice rules of the assigned judge for resolving discovery disputes;

6. <u>Court Filings.</u> In connection with any motions, applications, or submissions made to the court, counsel for the parties shall preserve and protect the confidentiality of discovery material containing sensitive information, through the least restrictive means appropriate, including by redacting the sensitive information from the discovery material and/or by filing the sensitive discovery material under seal (in accordance with the applicable rules of the court); nothing in this stipulation shall be construed to prejudice any party's right to use in open court any discovery material necessary to the party's legal position;

7. <u>Disposal.</u> Upon termination of this civil action, counsel shall be permitted to retain their working files; all other copies of the discovery material (whether in the possession of the parties, their counsel, or any other person) shall be

shredded, erased, deleted, and/or otherwise discarded in a secure and confidential manner within forty-five days of the termination of this civil action (except for those documents maintained and used by the plaintiff or the defendant in the normal course of business);

8. <u>Term.</u> This confidentiality stipulation shall remain in effect permanently, and shall continue to bind the parties and their counsel after the final termination of this civil action.

9. <u>Amendment.</u> This confidentiality stipulation may not be amended, altered, or modified except as agreed upon by the parties in a signed writing.

[This section intentionally left blank.]

10. <u>Reservation of Rights.</u> The foregoing is without prejudice to the right of any party to apply to the court for any further protective order relating to the discovery material, or to object to production of documents or information, or to apply to the court for an order compelling production of documents or information, or for modification of this order. This order may be enforced by either party and any violation of this order may result in the imposition of sanctions by the court.

**AGREED TO BY THE PARTIES:**

| For Plaintiff: | For Defendants: |
|---|---|
| *[signature]* | *Steven Warshawsky* |
| Kimberly C. Lau, Esq. | Steven M. Warshawsky, Esq. |
| Warshaw Burstein, LLP | The Warshawsky Law Firm |
| 575 Lexington Avenue | 350 Fifth Avenue, 59th Floor |
| New York, NY 10022 | New York, NY 10118 |
| (212) 984-7709 | (212) 601-1980 |
| Dated: _____ | Dated: 1/17/2020 |

SO ORDERED: _____    January 21, 2020
                    Hon. Edgardo Ramos, U.S.D.J.            Date

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: January 21, 2020
```